UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ASHLEY SIMMONS, | : | |
| | : | |
| Petitioner, | : | Civ. No. 16-5876 (RBK) |
| | : | |
| v. | : | |
| | : | |
| WARDEN ORTIZ, | : | **OPINION** |
| | : | |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.      INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Previously, this matter was administratively terminated as petitioner did not submit an application to proceed *in forma pauperis* nor did he pay the $5.00 filing fee. Petitioner has now paid the $5.00 filing fee such that the Clerk will be ordered to reopen this case. For the reasons that follow, the habeas petition will be summarily dismissed.

## II.      BACKGROUND

Petitioner is currently serving a sentence of 105 months imprisonment after he pled guilty to access device fraud in violation of 18 U.S.C. § 1029 in November, 2009 in the United States District Court for the Eastern District of New York. *See Simmons v. United States*, No. 12-4693, 2014 WL 4628700, at *1 (E.D.N.Y. Sept. 15, 2014). The United States Court of Appeals for the Second Circuit affirmed the judgment in 2011. *See United States v. Simmons*, 441 F. App'x 810 (2d Cir. 2011).

In 2012, petitioner filed a motion to set aside, correct or vacate his sentence pursuant to 28 U.S.C. § 2255 in the Eastern District of New York. (*See* E.D.N.Y. Civ. No. 12-4693) The Eastern District of New York denied that motion on the merits on February 4, 2013. (*See id.* Dkt. No. 14) The Second Circuit denied a certificate of appealability on August 12, 2013. (*See id.* Dkt. No. 17) Petitioner then filed a motion pursuant to Federal Rule of Civil Procedure 60(b) in his § 2255 action in the Eastern District of New York in 2014 that was also denied. *See Simmons*, 2014 WL 4628700.

In September, 2016, petitioner filed the instant habeas petition pursuant to § 2241 in this Court. Petitioner argues that his initial arraignment on May 1, 2009 without a valid warrant requires dismissal of the warrant. Additionally, petitioner claims that his rights under the Speedy Trial Act were violated. He requests his immediate release from incarceration based on these violations or to have this Court dismiss the indictment against him.

### III.    STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant habeas petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se,* his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner,* 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero,* 502 F.3d 331, 334 (3d Cir. 2007) ( "we construe pro se pleadings liberally.") (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S .Ct. 594,

30 L.Ed.2d 652 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas,* 517 U.S. 314, 320 (1996).

## IV.  DISCUSSION

Petitioner is seeking to have this Court review the judgment of conviction and sentence entered by the Eastern District of New York arising from petitioner's federal criminal proceedings. Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle,* 535 F. App'x 87, 88 (3d Cir. 2013) (citing *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002)). This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the

3

petitioner is unable to meet the stringent gatekeeping requirements of ... § 2255." *Cradle,* 290 F.3d at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538 (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil,* 119 F.3d 245, 251–52 (3d Cir. 1997)).

In *Dorsainvil,* the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.* The "safety valve," as stated in *Dorsainvil,* is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke,* 307 F.3d at 120 (citing *Dorsainvil,* 119 F.3d at 251).

Petitioner does not allege facts to bring him within the *Dorsainvil* exception. He does not allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Thus, this Court lacks jurisdiction to consider the instant habeas petition as the petition does not fall within the *Dorsainvil* exception to allow this § 2241 habeas petition to move forward in this Court.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could

have been brought at the time it was filed." 28 U.S.C. § 1631. This Court finds that it is not in the interest of justice to transfer this petition to the Second Circuit at this time. Petitioner may seek permission directly from the Second Circuit to file a second or successive § 2255 should he elect to do so.

## V.    CONCLUSION

For the foregoing reasons, the habeas petition will be summarily dismissed due to a lack of jurisdiction. An appropriate order will be entered.


DATED: November 9, 2016                          s/Robert B. Kugler
                                                 ROBERT B. KUGLER
                                                 United States District Judge